Filed 6/1/22  P. v. Carter CA2/1
Opinion following rehearing

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC TYRONE CARTER,<br><br>    Defendant and Appellant. | B311329<br><br>(Los Angeles County<br>Super. Ct. No. BA419941) |

_____

APPEAL from a judgment of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Remanded with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven E. Mercer and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2016, the trial court sentenced defendant and appellant Eric Tyrone Carter to 39 years 8 months in prison for convictions arising from his participation in a spree of armed robberies. We affirmed the convictions but, in light of the Legislature's enactment of Senate Bill No. 620 (2017−2018 Reg. Sess.) (Senate Bill No. 620), which gave trial courts the discretion to strike firearm enhancements when imposing sentence, we remanded the case to allow the trial court to consider striking those enhancements from Carter's sentence. The trial court declined to strike any enhancements. Carter now contends that we must remand the case once again in light of the recently enacted Senate Bill No. 567 (2021−2022 Reg. Sess.) (Senate Bill No. 567), which requires the court to apply a presumption in favor of selecting the lower term when imposing a determinate sentence on defendants who were younger than 26 years old when they committed their offense. The Attorney General agrees that Senate Bill No. 567 applies retroactively to Carter and requires a remand for resentencing, as do we.[1]

### FACTS AND PROCEEDINGS BELOW

Carter and his codefendant Rasheen Childs committed six armed robberies of convenience stores and gas stations in one week between December 27, 2013 and January 2, 2014. Carter was 22 years old at the time of the offenses. A jury, in addition

---

[1] Carter also contends that we must remand the case to allow the court to consider striking his five-year enhancement under section 667, subdivision (a)(1) in light of Senate Bill No. 1393 (2017−2018 Reg. Sess.) (Senate Bill No. 1393), which gave the trial court the discretion to strike such enhancements. Because we remand the case for a full resentencing hearing in light of Senate Bill No. 567, we need not decide whether Senate Bill No. 1393 provides a separate ground for a resentencing hearing.

to convicting Carter of seven counts of second degree robbery (Pen. Code,[2] § 211), found true allegations that Carter personally used a firearm in the commission of three of the robberies (§ 12022.53, subd. (b)), as well as allegations that a principal had been armed in the four remaining counts.  (§ 12022, subd. (a)(1).) The court found that Carter had a prior strike conviction (§§ 667, subds. (b)−(i), 1170.12), a prior serious felony conviction (§ 667, subd. (a)(1)), and one prison prior.  (§ 667.5, subd. (b).)

The court imposed a total sentence of 39 years 8 months in prison, calculated as follows:  on one count of armed robbery, the middle term of three years, doubled to six years due to the prior strike, plus 10 additional years for the enhancement for personal use of a weapon, for a total of 16 years.  (§ 12022.53, subd. (b).)  On two additional counts of armed robbery, the identical sentence described above, multiplied by one-third, for a term of 5 years 4 months each.  On four additional counts, two years each, consisting of one-third the midterm of each offense, doubled.  In addition, the court imposed a five-year term for the prior serious felony (§ 667, subd. (a)(1)), but did not impose a sentence for the prison prior enhancement under section 667.5, subdivision (b).  The court ordered Carter to serve all the terms consecutively.

We remanded the case to allow the trial court to consider striking the firearm enhancements in light of Senate Bill No. 620. (*People v. Carter et al.* (Apr. 13, 2018, B275973) [nonpub. opn.].) At the resentencing hearing, the trial court decided not to strike the firearm enhancements.  The court noted that Carter had been a "serial robber," committing several robberies in the span of a few days, that he had been an active participant in the crimes,

---

[2] Unless otherwise specified, subsequent statutory references are to the Penal Code.

4

and that he had chosen "particularly vulnerable victims" in the convenience store clerks.

## DISCUSSION

On January 1, 2022, while this appeal was pending, Senate Bill No. 567 became effective. The legislation enacted section 1170, subdivision (b)(6), which directs the court as follows when deciding whether to impose the upper, middle, or lower term in a determinate sentence: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] . . . [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of [s]ection 1016.7 at the time of the commission of the offense." Section 1016.7, subdivision (b) defines a youth as "any person under 26 years of age on the date the offense was committed." Before Senate Bill No. 567 became effective, the statute placed "the choice of the appropriate term . . . within the sound discretion of the court" (former § 1170, subd. (b)), with no presumption in favor of the lower term for youth offenders.

Both Carter and the Attorney General, agree, as do we, that Carter is entitled to benefit from Senate Bill No. 567. When the Legislature enacts a statute that reduces or potentially reduces the punishment for an offense, we "assume, absent evidence to the contrary, that the Legislature intended [the] '. . . statute to apply to all defendants whose judgments are not yet final on the statute's operative date.' " (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341.) Senate Bill No. 567 benefits young defendants by making it more likely that they will receive a reduced sentence for an offense, and there is no

5

indication that the Legislature intended to limit its application. Thus, the law applies retroactively to defendants like Carter whose sentences are not yet final. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 (*Flores*).)

One aspect of Carter's sentence is affected by Senate Bill No. 567. On one count of armed robbery, identified in the information as count 28, the court imposed the middle term sentence of three years imprisonment, doubled to six years because of Carter's prior strike conviction. (See § 667, subd. (e)(1).) We must remand the case to the trial court to decide whether to reduce the sentence on this term in light of the new law. (*Flores, supra,* 73 Cal.App.5th at p. 1039.) The remainder of Carter's sentence consisted of enhancements and subordinate terms for which the trial court did not choose an upper, middle, or lower term. Nevertheless, under the full resentencing rule, the court may reconsider all of its prior discretionary decisions when resentencing Carter. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.)

## DISPOSITION

The case is remanded to the trial court for a new sentencing hearing in conformance with this opinion.  Upon completion of resentencing, the trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

BENDIX, J.

7